IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  3:05cr3/RV/EMT
 3:16cv200/RV/EMT

CARLOS FERNANDO MUNAYCO

# **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 28). The Government filed a response (ECF No. 35), and Defendant filed a reply and supplemental argument (ECF Nos. 38, 42). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

PROCEDURAL BACKGROUND

Defendant Carlos Fernando Munayco was the lone defendant charged in a four-count indictment with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846 (Count One) and three substantive counts of possession with intent to distribute methamphetamine (Counts Two through Four) (ECF No. 4).[1]  On February 14, 2005, the Government filed a Notice of Enhancement Information pursuant to 21 U.S.C. §§ 841 and 851 in which it identified two prior felony drug convictions from the State of California (ECF No. 12).  According to the notice, the two convictions occurred in 1991 and 1999.

On March 18, 2005, Defendant pleaded guilty to Count One in exchange for the Government's dismissing Counts Two through Four (ECF Nos. 18–20).

The Presentence Investigation Report ("PSR") calculated Defendant's total offense level as 33 and his criminal history category as VI (ECF No. 30).  The applicable guidelines range would have been 235 to 293 months, but for Defendant's two prior felony offenses, which triggered the statutory mandatory minimum term

---

[1] Co-conspirators Angela L. Howington and Lisa Marie Graham were charged in case No. 3:04cr109 and were sentenced to terms of 100 months and 211 months respectively.

Case Nos.: 3:05cr3/RV/EMT; 3:16cv200/RV/EMT

of life imprisonment (ECF No. 30, PSR ¶ 103).   The two offenses identified in the Notice of Enhancement were detailed in Paragraphs 57 and 66 of the PSR (ECF No. 30).

On June 1, 2005, the court sentenced Defendant to a term of life imprisonment (ECF Nos. 24, 25.)   Because Defendant did not appeal, neither the plea proceeding nor the sentencing hearing was transcribed.

In the present motion, Defendant raises a single ground for relief.   He contends that one of the convictions used to support his sentence enhancement has been reclassified as a misdemeanor, and therefore he should be resentenced without the enhancement.   The Government opposes the requested relief.

## ANALYSIS

<u>General Standard of Review</u>

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."   *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its

jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

A claim of ineffective assistance of counsel is cognizable in a § 2255 motion regardless of whether it could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different.

*Strickland*, 466 U.S. at 694.    Therefore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.    *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C. § 2255(b); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).    To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.    *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).    A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

<u>Defendant's Claim for Relief</u>

Case Nos.: 3:05cr3/RV/EMT; 3:16cv200/RV/EMT

Defendant asserts in his motion that "I told my lawyer at time of sentence [sic] that my 2nd drug conviction couldn't have been a felony. Lawyer advised me to plead guilty and that we will deal with it later" (ECF No. 28 at 4). It was not until nearly ten years later that one of Defendant's predicate felonies was reclassified as a misdemeanor by a California state court.[2]

In November 2014, California voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act." Cal. Penal Code § 1170.18 (codifying Proposition 47); *see United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016); *People v. Rivera*, 233 Cal. App. 4th 1085, 183 Cal. Rptr. 3d 362, 363 (2015). Among other things, Proposition 47 permits previously-convicted defendants to petition the court of conviction for a "recall of sentence," which, if granted, would effectively reclassify their qualifying felonies as misdemeanors. *Diaz*, 838 F.3d at 971 (citing Cal. Penal Code § 1170.18(a)). Defendant was one such individual.

In March of 2015, Defendant petitioned the Superior Court of California, County of Los Angeles, to retroactively designate one of his felony convictions as a misdemeanor conviction (ECF No. 28 at 17–24), The challenged conviction was

---

[2] The conviction in question was identified in paragraph 66 of the PSR. No factual detail about the conviction is contained therein, only a notation that the circumstances for the case have been requested.

Case Nos.: 3:05cr3/RV/EMT; 3:16cv200/RV/EMT

Defendant's 1999 conviction for possession of a controlled substance in Case No. VA051248 (ECF No. 30, PSR ¶ 66).   The California court granted the petition via a "Minute Order" dated April 28, 2015 (ECF No. 28 at 15).   It found that Defendant's conviction, a violation of 11377(A), was a felony which had "been made a misdemeanor pursuant to Proposition 47," and Defendant was thus "eligible to have [the] felony conviction designated a misdemeanor conviction" (ECF No. 28 at 15).   Because of this, Defendant maintains that he no longer has two prior felony convictions required for the application of the statutory mandatory life sentence and he should be resentenced.

The Government opposes Defendant's motion on two grounds (ECF No. 35 at 1).   First, it states that due to the age of the prior conviction, Defendant was not permitted to "challenge the validity" of the conviction pursuant to 21 U.S.C. § 851(e).   Second, the Government asserts that even if the "challenge" were authorized, the California Proposition 47 modification does not negate the prior conviction for purposes of 21 U.S.C. § 841.

<u>Age of the Conviction</u>

The Government filed the Notice of Enhancement Information on February 14, 2005 (ECF No. 12).   Title 21 U.S.C. § 851(e) provides that a defendant may

not challenge a conviction which occurred more than five years before the date of the information alleging the prior conviction. The conviction in question occurred on March 9, 1999, outside the five-year statutory limitation. To the extent Defendant claims that his lawyer should have challenged the conviction at sentencing his claim fails. Counsel cannot be constitutionally ineffective for failing to raise a challenge that is foreclosed by statute and would have been denied. *Denson*, 804 F. 3d at 1342; *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).

### Effect of Reclassification of Prior Felony Conviction

The Government also maintains that Defendant's claim fails on the merits because the Proposition 47 modification does not negate his prior conviction for the purposes of 21 U.S.C. §§ 841 and 851. Because the basis for a successful challenge to Defendant's felony conviction based on Proposition 47 did not arise until well after his sentencing in this case, discussion of the merits of this claim is warranted.

The Eleventh Circuit has not had occasion to address the effect of Proposition 47 on a federal sentencing enhancement.³ The Third, Seventh, and Ninth Circuits have all held that a defendant remains subject to the § 841 enhancement even if one of his priors is a California felony drug offense that was later reclassified as a misdemeanor pursuant to Proposition 47. *United States v. Sanders*, No. 18-2165, 2018 WL 6283883 (7th Cir. Dec. 3, 2018); *United States v. London*, No. 151206, 2018 WL 4189616 (3d Cir. Aug. 31, 2018); *United States v. Diaz*, 838 F.3d 968, 971, 975 (9th Cir. 2016), *cert. denied sub nom*, *Vasquez v. United States*, 137 S. Ct. 840 (2017).

The Seventh Circuit's opinion in *Sanders*, decided earlier this month, sets forth a cogent analysis. A court must look to federal law to determine whether a defendant has a prior state conviction for purposes of applying a federal recidivism enhancement provision. *Sanders*, 2018 WL 6283882, at *3 (citing *Dickerson v.*

---

³ Only one district court within the circuit appears to have done so. *See Stutson v. United States*, Case 2:16-cv-8160-LSC, 2:93-rc-00152-LSC-SGC-11, 2017 WL 4572314 (N.D. Ala., Oct. 13, 2017). In *Stutson*, the district court enhanced defendant's sentence because of three prior California felony convictions, two of which were reduced to misdemeanors after Proposition 47. Defendant moved for resentencing without the § 851 enhancement. The *Stutson* court held that it did not have jurisdiction to consider the successive motion. It also conducted a merits review "in an abundance of caution" and concluded that defendant was not entitled to relief on the merits. It noted the Ninth Circuit's opinion in *Diaz* (discussed *infra*) but also that the sentence was lawful and it would have imposed the same sentence regardless of the reclassification of the prior convictions. *Stutson*, 2017 WL 4572314, at *5–*6.

Case Nos.: 3:05cr3/RV/EMT; 3:16cv200/RV/EMT

*New Banner Inst. Inc.,* 460 U.S. 103, 111–12 (1983)). Title 21 U.S.C. § 841(b)(1) provides for a mandatory life sentence if the defendant commits his federal offense after two or more prior felony drug convictions had become final. "In this way, the statute calls for a 'backward looking' inquiry." *Sanders*, 2018 WL 6283883, at *3 (*quoting Diaz*, 838 F.3d at 973 (*quoting McNeill v. United States*, 563 U.S. 816, 820 (2011))). The relevant event is a felony drug conviction that is final, regardless of whether relief from this conviction might have been available. *Id.* (*quoting Diaz*, 838 F.3d at 974 (*quoting United States v. Dyke*, 718 F. 3d 1282, 1293 (10th Cir. 2013))). Therefore, the later reclassification of a felony conviction "'does not alter the historical fact of the [prior state] conviction' becoming final—which is what § 841 requires." *Id.* (*quoting Diaz*, 838 F.3d at 974 (*quoting Dyke* 718 F.3d at 1292); *see also id*. at 972 ("Although the [state's] statute [can] determine the status of the conviction for purposes of state law, it [can]not rewrite history for the purposes of the administration of the federal criminal law or the interpretation of federal criminal statutes." (alterations in original) (*quoting United States v. Bergeman*, 592 F.2d 533, 536 (9th Cir. 1979))))). Thus, reclassification has no impact on the consideration of the "reclassified" conviction pursuant to § 841.

The *Sanders* court noted that Congress has enacted at least one provision ensuring that expunged convictions are disregarded in later judicial proceedings. *Sanders*, 2018 WL 6283883, at *4 (*citing Dyke*, 718 F. 3d at 1292, *see, e.g.,* 18 U.S.C. § 921(a)(20) ("Any conviction which has been expunged, or set aside . . . shall not be considered a conviction for purposes of this chapter.")). Congress did not include such a provision in § 841. *Sanders*, 2018 WL 6283883, at *4 (citing *United States v. Gomez*, 24 F. 3d 924, 930 (7th Cir. 1994)). Therefore, it would be improper for this court to insert a similar provision into the statute.

Defendant also claims that the Supreme Court's decision in *Johnson v. United States*, 544 U.S. 295 (2005) proves that he is entitled to relief. In *Johnson,* the Court held that a "defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Johnson*, 544 U.S. at 303. In such a circumstance, courts recognize an "obvious exception to the literal language" of federal recidivist statutes imposing enhanced penalties due to prior convictions where the "predicate conviction ha[s] been vacated or reversed on direct appeal." *Sanders*, 2018 WL 6283883, at *4 (quoting *Dickerson*, 460 U.S. at 115). However, Defendant's reliance on *Johnson* is misplaced. Proposition 47 does not "vacate" prior felony convictions, but rather "reclassifies" them.

Case Nos.: 3:05cr3/RV/EMT; 3:16cv200/RV/EMT

Defendant argues in his "supplement" that there are Eighth Amendment, Due Process, and "constitutional violations" at issue here (ECF No. 42 at 1). He makes no independent argument, but relies on a case from the United States District Court for the Central District of California, which he has appended to his supplement (ECF No. 42 at 3–9). *Clay v. United States*, 2018 U.S. Dist. LEXIS 82778, Cases LA CV 17-05720-VBF, LA CR 05-00948-VBF (C.D. Ca. May 14, 2018). Although Defendant's new theories of relief are arguably untimely, for the sake of completeness they will be addressed herein.

In *Clay,* the defendant received an enhanced sentence based on a felony conviction that was subsequently reclassified. He argued that "because his prior felony was retroactively erased, his sentence violates § 841(b)(1), his right to due process of law, and the Eighth Amendment" (ECF No. 42 at 4). The *Clay* court noted that the Ninth Circuit's opinion in *Diaz* foreclosed Clay's statutory argument, but that *Diaz* did not reach the constitutional issues (ECF No. 42 at 6). The court relied on *Johnson* as vindication for defendant's position "that it would violate his right to due process and the Eighth Amendment to keep the 841(b)(1) enhancement in place after learning that his prior is treated by clear retroactive state law as if it had never been a felony" (ECF No. 42 at 6). It thus treated the reclassification of

the defendant's prior felony as vacatur of the felony, and it granted relief on defendant's due process and Eighth Amendment claims (ECF No. 42 at 8). The Government filed and then dismissed an interlocutory appeal (C.D. Ca. Case No. 2:05cr948-VBF, ECF Nos. 69, 77). After defendant was resentenced, the Government again appealed (C.D. Ca. Case No. 2:05cr948-VBF, ECF No. 98). The Ninth Circuit granted the appellant's emergency motion for a stay of the district court's orders granting the § 2255 motion in part and resentencing Clay and set an expedited briefing schedule with the final brief due on December 31, 2018 (C.D. Ca. Case No. 2:05cr948-VBF, ECF No. 101). Thus, the district court's decision is not only not binding, but it is currently under review and is not final.[4]

The *Sanders* court directly addressed constitutional concerns, reaching a different conclusion than the court in *Clay*. In *Sanders,* the court rejected the defendant's constitutional arguments and found no Due Process, Equal Protection, or Tenth Amendment violations. *Sanders*, 2018 WL 6283883, at *6–7. First, the court stated that a defendant who is sentenced under a recidivist provision has

---

[4] In a case decided the same day as the district court's initial order in *Clay*, the Ninth Circuit held that the reclassification of a prior felony under Proposition 47 did not alter the "historical fact" that defendant had a prior qualifying conviction at the time he was sentenced. *United States v. Norwood*, 733 F. App'x 387, 389 (9th Cir. May 14, 2018).

Case Nos.: 3:05cr3/RV/EMT; 3:16cv200/RV/EMT

reasonable notice and an opportunity to be heard. Thus, there is no violation of Due Process. Second, the court found no arbitrariness in the differing treatment of defendants who are convicted of their predicate crimes before the passage of Proposition 47 or after it. Thus, there is no violation of Equal Protection. Finally, there was no Tenth Amendment violation as there were no federalism concerns arising from the state's alleged inability to determine the nature and consequences of state crimes.

Defendant's claim of an Eighth Amendment violation was not addressed by *Sanders,* and is unsupported by any authoritative case law. Furthermore, the statute provides the possibility of a life sentence under § 841(b)(1)(A) regardless of whether a defendant has any prior convictions. Therefore, this court does not concur that there was an Eighth Amendment violation when the court legally could have imposed the same sentence irrespective of Defendant's prior convictions.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that he is entitled to relief pursuant to 28 U.S.C. § 2255 or that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

Case Nos.: 3:05cr3/RV/EMT; 3:16cv200/RV/EMT

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 28) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of December 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:05cr3/RV/EMT; 3:16cv200/RV/EMT