**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

    v.                                                             Case No.: 3:05cr3-RV

CARLOS FERNANDO MUNAYCO
_____/

**ORDER**

      On January 18, 2005, the defendant, Carlos Fernando Munayco, was charged by indictment with conspiracy to possess with intent to distribute methamphetamine (count 1) and three substantive counts of possession with intent to distribute same (counts 2-4). On February 14, 2005, the government filed a notice of enhancement, reflecting that the defendant had previously been convicted in California state court of two felony drug offenses and of being a felon in possession of a firearm. He pled guilty in this federal case on March 18, 2005, and at the sentencing hearing on June 1, 2005, I held him responsible for 1,120 grams (1.1 kilograms) of methamphetamine. Based on the prior convictions in the notice of enhancement, the defendant was facing mandatory life in prison on count 1, and that is the sentence I imposed. The defendant has now filed a *pro se* motion for sentence reduction (compassionate release) under the First Step Act (doc. 57). The government has filed a response in opposition (doc. 59).

**I. Discussion**

      I will say at the outset that I am sympathetic to the defendant's arguments and circumstances. Specifically, I appreciate that he accepted responsibility for his actions, he was held responsible for a (relatively) small quantity of methamphetamine, one of the prior drug felonies reflected in the notice of enhancement is now a misdemeanor,

his crimes were non-violent, and he has exhibited good conduct while in prison (*e.g.*, he has taken a number of courses and become certified in auto repair). Unfortunately, however, for the reasons that follow, I do not have the authority to grant the relief that he seeks.

Section 3582(c)(1)(A), the compassionate release statute, provides a narrow path for defendants in "extraordinary and compelling circumstances" to leave prison early. Prior to the First Step Act, only the Director of the Bureau of Prisons could file a motion for compassionate release in the district court. The First Step Act modified § 3582(c)(1)(A) to allow a defendant to move in the district court for compassionate release, but only "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The defendant has exhausted his administrative rights, so I will turn to the substance of his claim. In doing so, my analysis will largely track *United States v. Winner*, 464 F. Supp. 3d 1375 (S.D. Ga. 2020), *aff'd* 835 Fed. Appx. 1002 (11th Cir. 2020), a case with which I am in full agreement.

A district court may reduce a term of imprisonment, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons" warrant a reduction and that such reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute doesn't define "extraordinary and compelling reasons." Rather, Congress instructed the Sentencing Commission to promulgate "the criteria to be applied and a list of specific examples" of extraordinary and compelling reasons. *Id.* As the words themselves indicate, however, compassionate release is rare and extraordinary. *See, e.g., United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019) (describing compassionate release as "a rare event"); *White v. United States*, 378 F. Supp. 3d 784,

787 (W.D. Mo. 2019) (describing compassionate release as "extraordinary and rare," and providing by way of example cases where inmates were suffering from terminal cancer and untreatable spinal degenerative disease that required the permanent use of a full-torso brace).

The existing policy statement of the Sentencing Commission, adopted prior to the First Step Act, states that in addition to "extraordinary and compelling reasons," a defendant cannot present a danger to the safety of another person or the community. U.S.S.G. § 1B1.13. The application notes to this policy statement list three specific examples of "extraordinary and compelling reasons" to consider a sentence reduction under § 3582(c)(1)(A), to wit: (1) medical condition; (2) advanced age; and (3) family circumstances. *Id.* n.1(A)-(C). The defendant (who is 49 years old and has failed to identify any serious medical condition or compelling family circumstances) impliedly concedes that he doesn't meet the criteria for these categories as he appears to resort to the "catch-all" category of application note 1(D), which provides for release, "*[a]s determined by the Director of the Bureau of Prisons*, [if] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the three aforementioned categories. *Id.* n.l(D) (emphasis supplied). Notwithstanding the emphasized language, the defendant's argument presupposes that post-First Step Act, district courts may now decide if "extraordinary or compelling reasons" for sentence reduction exist *independent* of the BOP's assessment. I disagree for the reasons stated in *Winner, supra,* which I will quote at length:

> Winner's contention in this regard is not without support. Some courts have determined that the First Step Act signaled an intent from Congress that district courts may now consider whether extraordinary and compelling reasons for compassionate release exist other than those delineated in U.S.S.G. § 1B1.13 n.l. *See United States v.*

*Brown*, 411 F. Supp. 3d 446, 451-52 (S.D. Iowa 2019) (holding that the district court now assumes the same discretion as the BOP Director when it considers a compassionate release motion); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("I treat the previous BOP discretion to identify other extraordinary and compelling reasons as assigned now to the courts."); *United States v. Beck*, 425 F. Supp. 3d 573 (M.D. N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345 (S.D. Tex. 2019). These courts have held that the policy statement of U.S.S.G. § 1B1.13 is simply outdated because it assumes that compassionate release may only be granted upon motion by the Director of the BOP. *See, e.g., Beck*, 425 F. Supp. 3d at 579 ("There is no policy statement applicable to motions for compassionate release filed by defendants under the First Step Act.").

These cases, however, rest upon a faulty premise that the First Step Act somehow rendered the Sentencing Commission's policy statement an inappropriate expression of policy. This interpretation, and it appears to be an interpretation gleaned primarily from the salutary purpose expressed in the title of Section 603(b) of the First Step Act ["Increasing the Use and Transparency of Compassionate Release"] contravenes express Congressional intent that the Sentencing Commission, not the judiciary, must determine what constitutes an appropriate use of the "compassionate release" provision. *See* 28 U.S.C. § 944 (t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act still requires courts to abide by "applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will follow the policy statement in U.S.S.G. § 1B1.13 and deny Winner's motion because she does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to grant her relief. *Accord, e.g., United States v. Lynn*, 2019 WL 3805349, at *4 (S.D. Ala. Aug.

> 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); *United States v. Johns*, 2019 WL 2646663 (D. Ariz. June 28, 2019); *United States v. Gross*, 2019 WL 2437463 (E.D. Wash. June 11, 2019); *United States v. Heromin*, 2019 WL 2411311 (M.D. Fla. June 7, 2019); *United States v. Willis*, 382 F. Supp. 3d 1185 (D.N.M. 2019); *United States v. Shields*, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

*Winner*, 464 F. Supp. 3d at 1378; *see also, e.g., United States v. Willingham*, 2019 WL 6733028, at *2 (S.D. Ga. 2019) (collecting same cases and holding same). I believe the view expressed by *Winner* and *Willingham* (and the case law cited therein) is more consistent with the statute and, as I previously held in another case, *United States v. Pelloquin*, 4:94cr4037-RV (N.D. Fla. 1994) (doc. 41), "avoids turning district courts into *de facto* parole boards who review whether any inmate who contends that his situation involves any type of 'extraordinary and compelling reason' is entitled to compassionate early release from prison." *Id.* at 6.

## II. Conclusion

For the reasons noted above, the defendant's motion for compassionate release (doc. 57) is DENIED.

**DONE and ORDERED this 12th day of August 2021**

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**